IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA      )
                              )    CRIMINAL ACTION NO.
     v.                       )       2:25cr362-MHT
                              )           (WO)
BRITISH TREMAIN GEORGE        )
```

ORDER

Defendant British Tremain George was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Following his arrest, a United States Magistrate Judge held a hearing and ordered him to be detained pending trial. Pursuant to 18 U.S.C. § 3145(b), George has filed a motion asking that this court review and reverse the magistrate judge's detention order. The court has conducted an independent and de novo review of the record from the hearing before the magistrate judge and the record from George's prior criminal case before this court. Based on this review, the court will reverse the detention order and order George's release pending trial, albeit

with stringent conditions including that he be
generally confined to his home and be subject to
location monitoring.

## I. Legal Standard

The Bail Reform Act requires that defendant be
released on personal recognizance or an unsecured
appearance bond "unless the [court] determines that
such release will not reasonably assure the appearance
of the person as required or will endanger the safety
of any other person or the community." 18 U.S.C.
§ 3142(b) (emphasis added). Where a court finds that
release without conditions would not suffice to protect
these interests, the court nevertheless "shall order
the pretrial release of the person— ... (B) subject to
the least restrictive further condition, or combination
of conditions, that [the court] determines will
reasonably assure the appearance of the person as

required and the safety of any other person and the community ....” 18 U.S.C. § 3142(c)(1)(B). Pretrial detention is permissible only when the court “finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.” 18 U.S.C. § 3142(e)(1).

The burden is on the government to prove a flight risk or dangerousness that cannot be reasonably addressed with conditions of release. *See United States v. King*, 849 F.2d 845, 488-91 (11th Cir. 1988) (setting forth procedures for district courts to follow on motions to revoke or amend detention orders entered by magistrate judges). An unmanageable risk of flight must be proven by a preponderance of the evidence, while dangerousness must be proven by clear and convincing evidence. *See King*, 849 F.2d at 489, n. 3. In determining whether pretrial detention is

3

appropriate, district courts have "substantial latitude." *Id*. at 487.

The court must consider four factors in making its § 3142(e)(1) determination: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings"; and (4) the nature and seriousness of the danger that would be posed by the person's release. § 3142(g). Consideration of such factors does not "modif[y] or limit[ ] the presumption of innocence." § 3142(j).

This court's review of the magistrate judge's detention decision is de novo. *See United States v.*

4

*Hurtado*, 779 F.2d 1467, 1481 (11th Cir. 1985) (stating that the district court "is not constrained to look for abuse of discretion or to defer to the judgment of the prior judicial officer" when reviewing detention decisions). A reviewing court may consider new evidence. *King*, 849 F.2d at 491.

## II. Discussion

In the detention order, the magistrate judge offered solely the following reasons for his decision:

> "Based on the evidence presented at the hearing, the undersigned is concerned with Defendant's long history of resisting arrest, obstructing justice, and failure to comply with court supervision. This makes Defendant a flight risk. And with respect to safety of the community, Defendant was riding around armed after multiple felony convictions when he knew he couldn't have a gun. He was then involved in tossing a gun out of the window where anyone could pick it up. This behavior poses a danger to the community."

Detention Order (Doc. 28). It is unclear whether the magistrate judge considered whether any condition or

5

combination of conditions would adequately address the risk of flight or dangerousness, as he did not mention possible conditions at all.

As discussed earlier, a finding that a defendant constitutes a flight risk or a danger to the community is not sufficient to detain a defendant under 18 U.S.C. § 3142.  The government must also prove, and the court must find, that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).

The government argued, and the magistrate judge found, that George is both a danger to the community and a flight risk.  To determine whether there are conditions of release that will reasonably assure the George's appearance as required and the safety of any other person and the community, the court will assess the four factors set forth in 18 U.S.C. § 3142(g).

6

**The nature and circumstances of George's alleged
offense**: George was arrested on April 11, 2025, while
he was a passenger in a truck driven by his
codefendant, Stacy Rodrekus Calloway. The police
noticed that the truck did not have a license plate and
decided to initiate a traffic stop. After turning on
their lights, the police saw George and Calloway making
furtive movements in the truck. The police then
noticed the driver, Calloway, move his arm towards the
passenger window and throw an object out, which the
police later discovered was a pistol. After the stop,
George exited the car with his hands up. He told the
police he had a gun in the car and where they could
find it. They searched the vehicle and found the
pistol. Both pistols were loaded with ammunition.
George was cooperative during the arrest. He was a
convicted felon at the time. The court was not

presented with any evidence that the pistols were used in any criminal offense.

The weight of the evidence: The weight of the evidence against the person should be considered only to the extent that it is relevant to the likelihood that the defendant will fail to appear or pose a danger to the community. *See* 18 U.S.C. § 3142(g).  The weight of the evidence against George is substantial; he told the police that one of the guns was his.  However, that does not mean that no combination of conditions can reasonably assure community safety. *See United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985) (allowing the weight of the evidence to be dispositive of the detention outcome would amount to "impermissibly mak[ing] a preliminary determination of guilt").

George's history and characteristics: George, who is 47 years old, has a lengthy history of offenses, including convictions in this court in 2013 for

8

conspiracy to distribute cocaine hydrochloride and cocaine base, possession with intent to distribute cocaine base, and use of a communication facility to facilitate a drug offense. *See* 2:12cr235-ECM USA v. British Tremain George (M.D. Ala. Dec. 24, 2013) (Doc. 436). He also had a string of state convictions in his twenties and thirties for crimes such as possession of cocaine, theft of property third degree, resisting arrest, giving a false name to law enforcement, and obstructing governmental operations. He also has a history of failure to comply with the terms of court supervision. *See* 2:12cr235-ECM USA v. British Tremain George (M.D. Ala.) Judgment on Revocation (1/20/2023) (Doc. 746).

On the other hand, George has in recent years demonstrated a willingness to appear for court and cooperate with law enforcement. In 2022, when facing a revocation petition in his prior federal case, the

9

magistrate judge allowed him to remain in the community prior to the revocation hearing, and George appeared at the hearing as required. *See id.* Oral Order (9/8/2022). Similarly, after George's supervised release was revoked and he was sentenced to six months of incarceration, the district judge allowed him to self-report to prison several weeks later. *See id.* Judgment (Doc. 746) at 3. And when he was arrested in this case, he was cooperative with law enforcement.

At the time of his arrest, George was living in a house in Montgomery with his long-time girlfriend and their children, who are six and 12 years old. He was involved in the children's lives, and reportedly picked them up from daycare every day and stayed with them until he had to go to work. His girlfriend told an investigator from the Federal Defender's Office that there are no guns or illegal drugs in the house, and if released, she is willing to report George to his

probation officer if he violates the conditions of supervised release. Subject to confirmation by a pretrial services officer, it appears that his girlfriend's residence would be a suitable place for George pending trial.

Other characteristics of George pertinent to this inquiry include that he was raised in Wetumpka, Alabama and has lived in the Wetumpka/Montgomery area almost all of his life; he has close ties to family members who live in the local community; his sister is willing to drive him to court if he needs transportation; he has been employed regularly; and a former employer is willing to rehire him if he is released. Nor does he appear to have the financial ability to travel far away or establish himself in a new community, or strong ties elsewhere. Finally, George does not appear to have a substance-abuse disorder. The 2013 presentence investigation report showed some history of occasional

drug use but no substance-abuse disorder, and he received no reports of illegal substance abuse during this prior federal probation, which started in 2018 and was completed in early 2024.

The nature and seriousness of the danger George's release would pose to the community: There is no evidence that George poses a threat of danger to any particular person. No one testified to fearing him or to his being a violent person. His presentence investigation report shows no convictions involving physical violence except for a 1998 misdemeanor harassment conviction involving a fist fight with his brothers. That said, 'danger to the community' includes "the danger that the defendant might engage in criminal activity to the detriment of the community." *King*, 849 F.2d at 487 n.2. George has a lengthy criminal history and a history of violating the

conditions of supervision, which suggests a significant risk of his committing new crimes.

Having reviewed the evidence as to the four factors set forth in 18 U.S.C. § 3142(g), the court concludes that releasing George on his own recognizance or an unsecured bond "will not reasonably assure his appearance or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). In particular, the court finds based on his criminal history and history of violating conditions of supervision that his release without conditions would pose a serious risk of additional criminal conduct. And given his history of resisting arrest and failing to comply with court orders, there is a risk that he would not appear for court as required.

However, after considering all of the evidence, the court does not find that (a) clear and convincing evidence shows that no combination of conditions can

13

reasonably assure community safety, or that (b) a preponderance of the evidence shows that no combination of conditions can reasonably assure George's appearance in court. Instead, the court finds that, in George's case, certain additional, stringent conditions will reasonably assure that he appears for court and the safety of the community. *See* 18 U.S.C. § 3142(e)(1). These include home confinement and location monitoring.

These conditions will reasonably assure the safety of the community by denying George the opportunity to engage in illegal activity and ensuring that his whereabouts are known at all times. In addition, these conditions will reasonably assure that he appears for court by preventing him from traveling outside of his home without permission or unmonitored. Given his willingness to appear for the prior revocation proceeding in this court, his self-reporting to prison, his cooperation with the police at the time of his

**14**

arrest, his strong ties to Montgomery, and his lack of ties elsewhere, the court finds that home confinement and location monitoring will be sufficient to reasonably assure his appearance at court.

\* \* \*

Accordingly, it is ORDERED that:

(1) The motion to reverse the detention order (Doc. 31) is granted.

(2) Defendant British Tremain George shall be released from detention pending trial, subject to home detention (except as otherwise allowed by his pretrial officer), the location monitoring program, and a condition that he avoid contact with Stacy Rodrekus Calloway.

(3) Defendant George is to live with girlfriend, Amber Ringo, subject to his pretrial officer having first determined that the location is suitable.

15

(4) The United States Magistrate Judge shall arrange for defendant George's release subject to the 'standard conditions,' the additional conditions set forth in this order, and any other conditions the magistrate judge believes to be necessary and appropriate.

DONE, this the 8th day of August, 2025.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

16